| UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY | |
|---|---|
| *Caption in Compliance with D.N.J. LBR 9004-2(c)* <br><br> Ciardi Ciardi & Astin <br> Albert A. Ciardi, III, Esquire <br> Jennifer E. Cranston, Esquire <br> One Commerce Square <br> 2005 Market Street, Suite 1930 <br> Philadelphia, PA 19103 <br> Telephone: (215) 557-3550 <br> Facsimile: (215) 557-3551 | |
| In Re: <br><br> 15-35 Hempstead Properties, LLC <br><br> Debtor. | Case No.: 10-43178 (GMB) <br> Judge: Gloria M. Burns <br> Chapter: 11 |

**MOTION OF THE DEBTOR AND DEBTOR-IN-POSSESSION FOR ORDER PURSUANT TO 11 U.S.C. §363 TO PERMIT: A) USE CASH COLLATERAL; B) PROVIDE ADEQUATE PROTECTION TO PARTIES WITH INTEREST IN CASH COLLATERAL; C) FOR AN EXPEDITED HEARING**

15-35 Hempstead Properties, LLC (the "Debtor"), by and through its proposed counsel, Ciardi Ciardi & Astin, hereby requests authority to A) Use Cash Collateral; B) Provide Adequate Protection to Parties with Interest in Cash Collateral; and C) for an Expedited Hearing, and in support thereof avers as follows:

## BACKGROUND

1. On October 26, 2010 (the "Petition Date"), the Debtor filed a voluntary petition pursuant to Chapter 11 of Title 11 of the United States Code, as amended (the "Bankruptcy Code").

2. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of this case is proper in this district pursuant to 28 U.S.C. §§ 1408 and

1409.

3.  Debtor, along with Jackson 299 Hempstead LLC (the "Jackson Debtor") owns a property at Boardwalk and New Hampshire in Atlantic City, New Jersey (the "Property").

4.  On February 16, 2007, Debtor and Jackson Debtor purchased the Property and provided a first priority mortgage to New York Community Bank (the "Bank") in the amount of $17,200,000.00.

5.  Singer Financial Corporation ("Singer") has a second mortgage in the original principal amount of $500,000.

6.  The Property is a multi-family apartment and commercial complex that generates approximately $160,000 - $175,000 in monthly revenue from tenants.

7.  A budget, attached hereto as "Exhibit A," details monthly expenses.

8.  The Debtor has sufficient monthly income to maintain, insure and operate the Property.

9.  Prior to the Debtor/Jackson Debtor's acquisition of the Property, it was subject to in excess of 1,900 code violations

10. Since acquisition, all but 9 code violations have been abated. Evidence of the completion thereof is attached hereto as Exhibits B, C and D.

## THE RELIEF REQUESTED AND THE REASONS THEREFORE

11. Section 363(c) of the Bankruptcy Code allows a debtor to use, sell or lease cash collateral if each entity that has an interest in cash collateral consents or the Court authorizes the use. See 11 U.S.C. § 363(c)(2).

12. In anticipation of a disagreement regarding use of the rents, the Debtor has

prepared a budget (the "Budget")[1] for the month of November which demonstrates the Debtor's ability to maintain the real estate and provide adequate protection.

13. The Debtor requires the rental income to fund continuing operations.

14. The Debtor has equity in its properties which provides a cushion for the Bank.

15. The continued use of cash collateral will allow the Debtor to continue to operate and propose a plan of reorganization.

16. The Debtor avers that it will be able to fund a plan to pay pre-petition unsecured creditors by continuing to operate in this manner.

17. The Debtor avers that the Bank is adequately secured by an equity cushion a replacement lien. The Bank has asserted in pre-petition litigation that it is under secured. As a result, the Bank is not entitled to current interest.

18. The Debtor believes that the request to use cash collateral is proper, reasonable and necessary to continue the Debtor's operation.

19. Approval of the Debtor's request to use cash collateral is in the best interest of the Debtor and creditors of the estate.

20. The Debtor proposes to provide adequate protection in the form of a replacement lien to the extent the Bank has a lien pre-petition which is not subject to challenge and in the same extent, priority and validity as existed pre-petition.

21. In order to maintain the Debtor's operation, Debtor requires the use of cash collateral for the payment of expenses as more specifically set forth in Budget. Through the payment of the above referenced expenses the Debtor will be able, not only

---

[1] A true and correct copy of the Budget is attached hereto as Exhibit "A".

to maintain the status quo, but also to facilitate its reorganization and enhance the collateral.

22. Unless the Debtor can continue to operate, it will be unable to reorganize and enhance the collateral to the detriment of its creditors.

### REQUEST FOR EXPEDITED CONSIDERATION

23. The Debtor requests expedited treatment in connection with the Motion because it requires the immediate use of rental income to fund ongoing operations at the Property and specifically, to pay payroll on Tuesday, November 2, 2010.

24. As of the filing of this Motion, no trustee, examiner or creditor's committee has been appointed in this Chapter 11 case. Notice of this Motion has been given via facsimile, or electronic mail to the United States Trustee, the Top 20 Unsecured Creditors and the Bank. The debtor submits that no other notice need be given in light of the exigencies of the circumstances and the irreparable harm to the Debtor, its estate and all parties in interest that would ensue if the relief requested herein is not granted.

25. No previous request for the relief sought herein has been made to this or any other Court.

26. Prior to filing this Motion, counsel for the Debtor contacted counsel for the Bank and the Office of the United States Trustee to advise them of the request for an expedited hearing and the relief requested therein.

**WHEREFORE**, the Debtor respectfully requests that this Court enter an Order in the form attached hereto and for such other and further relief as this Court deems just and proper.

                                                Respectfully submitted,

                                                CIARDI CIARDI & ASTIN

Date: October 27, 2010          By:    */s/ Jennifer E. Cranston*
                                                        Albert A. Ciardi, III, Esquire
                                                        Jennifer E. Cranston, Esquire
                                                       One Commerce Square, Suite 1930
                                                       2005 Market Street
                                                       Philadelphia, PA 19103
                                                       T (215) 557-3550
                                                       F (215) 557-3551
                                                       Counsel for the Debtor