UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-2(c)**

Order Filed on 6/15/2011 by Clerk U.S. Bankruptcy Court District of New Jersey

In Re:

Case No.:

Adv. No.:

Hearing Date:

Judge:

**FINAL ORDER FOR CASH COLLATERAL**

The relief set forth on the following pages, numbered two (2) through _____ is hereby **ORDERED**.

**DATED: 6/15/2011**

Honorable Gloria M Burns
United States Bankruptcy Court Judge

CULLEN AND DYKMAN, LLP
100 Quentin Roosevelt Boulevard
Garden City, NY  11530
(516) 357-3700
Matthew G. Roseman, Esq. (MGR 1387)
Elizabeth Usinger, Esq. (EU 2896)

Counsel for New York Community Bank

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY**

---------------------------------------------
In re:                                    )        Chapter 11
                                          )
15-35 Hempstead Properties, LLC           )        Case No. 10-43178 (GMB)
                                          )
          Debtor.                         )        Honorable Gloria M. Burns
---------------------------------------------

**FINAL ORDER AUTHORIZING THE TRUSTEE'S USE
OF CASH COLLATERAL, USE OF RENTS AND THE
ADVANCE OF ADDITIONAL FUNDING**

Upon the emergent motion dated May 25, 2011 (the "Motion") of Karen L. Gilman, Esq., the Chapter 11 Trustee (the "Trustee") for 15-35 Hempstead Properties, LLC and Jackson 299 Hempstead LLC (together, the "Debtors" and hereinafter, the "Debtor") pursuant to Sections 105, 363 and 364 of Title 11 of the United States Code, 11 U.S.C. 101 *et seq*. (the "Bankruptcy Code") seeking entry of this "Final Order Authorizing the Trustee"[1] :

(a)    to utilize Cash Collateral subject to the valid and perfected liens of NYCB; and

(b)    for authorization to utilize rents generated by the Property *nunc pro tunc* to May 10, 2011; and

(c)    to borrow from NYCB an amount up to $400,000 (inclusive of the Net Settlement Proceeds) for the purpose of funding operations and expenses at the Property; and

---

[1] Each initialized capitalized term used and not otherwise defined herein shall have the meaning ascribed to such term in the Motion.

2736435.**2**

| | |
|---|---|
| In re: | 15-35 Hempstead Properties LLC, et al. |
| Case No.: | 10-43178 |
| Caption of Order: | Final Order Authorizing the Trustee's Use of Cash Collateral, Use of Rents and the Advance of Additional Funding |

  (d)  to grant NYCB a secured claim against the Debtors and their respective estates pari passu with the pre-petition liens of NYCB pursuant to 11 U.S.C. Section 364(d); and

Due and sufficient notice of the Motion having been given; and the Court having entered an Order dated May 26, 2011 (the "Interim Order") authorizing the Trustee, in part, to obtain and incur post-petition financing; and a hearing on the Motion (the "Final Hearing") having been held and concluded before this Court on June 14, 2011 and upon all of the pleadings filed with the Court and the entire record made at the hearings and argument of counsel; and this Court having found good and sufficient cause and appearing therefore:

  **IT IS HEREBY FOUND AND CONCLUDED THAT**:

  A.  On October 26, 2010 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code of the United States Bankruptcy Court for the District of New Jersey (the "Court").

  B.  On November 16, 2010, an Official Committee of Unsecured Creditors (the "Committee") was duly appointed pursuant to Section 1102 of the Bankruptcy Code. Thereafter the Committee retained the Law Firm of Fox Rothschild as its counsel.

  C.  On November 24, 2010, the Court entered an Order authorizing joint administration of the chapter 11 cases.

| | |
|---|---|
| In re: | 15-35 Hempstead Properties LLC, et al. |
| Case No.: | 10-43178 |
| Caption of Order: | Final Order Authorizing the Trustee's Use of Cash Collateral, Use of Rents and the Advance of Additional Funding |

D.      The Debtors are the owners of real property located at 101 Boardwalk, Atlantic City, New Jersey that consists of 359 residential apartment units and 4 commercial units (the "Property").

E.      By Order dated May 10, 2011, the Court approved the appointment of the Trustee. Thereafter, by Order dated May 18, 2011, the Court approved the retention of Wolff & Samson, P.C. as attorneys for the Trustee.

## THE PRE-PETITION DEBT AND MORTGAGES

The Debtors were indebted to NYCB, as of the Petition Date, in the amount of $18,683,049.83 (the "Pre-Petition Debt").  NYCB has a first and second lien and security interest in the Property located at 101 Boardwalk, Atlantic City, New Jersey.  Additionally, NYCB has senior liens and security interests in and among other things, without limitation, all fixtures, fittings, appliances, equipment, machinery, furnishings, furniture, articles of personal property of every kind then owned or later acquired by the Debtor, as well as the proceeds and products of same.  The Debtor has also executed and delivered to NYCB an absolute Assignment of Leases and Rents.

| | |
|---|---|
| In re: | 15-35 Hempstead Properties LLC, et al. |
| Case No.: | 10-43178 |
| Caption of Order: | Final Order Authorizing the Trustee's Use of Cash Collateral, Use of Rents and the Advance of Additional Funding |

## INTERIM CASH COLLATERAL ORDERS; INTERIM ORDER; AND THE DEBTOR'S CASH CRISES

A.  By Order dated January 21, 2011, the Court approved the Debtor's use of the rents subject to NYCB's Assignment of Rents Agreement subject to the terms, conditions and limitations contained in the Third Interim Cash Collateral Order.

B.  Thereafter, a consent order was entered on April 13, 2011 (the "Consent Order") which authorized, among other things, the Debtor to continue to use rents.

C.  By Order dated May 4, 2011, the Court directed the appointment of a Chapter 11 Trustee and on May 10, 2011 the Trustee was appointed.

D.  Prior to the appointment of the Trustee, the Debtor had defaulted on numerous post-petition obligations to public utilities.

E.  The Trustee was unable to cure arrearages to the utilities and operate the premises solely on rent proceeds. Accordingly, on May 25, 2011 the Trustee filed the Motion to, in part, obtain secured post-petition financing. The Court entered an Interim Order (the "Interim Order") on May 26, 2011.

F.  Pursuant to the terms of the Interim Order, NYCB has advanced $140,000 to the Trustee.

G.  Under the Interim Order, it was contemplated that immediate financing would be made available to the Trustee on an interim basis pending entry of a Final Order. The Debtor does not have sufficient available sources of working capital and financing for the Trustee to

2738312.4

*Approved by Judge Gloria M. Burns June 15, 2011*

| | |
|---|---|
| In re: | 15-35 Hempstead Properties LLC, et al. |
| Case No.: | 10-43178 |
| Caption of Order: | Final Order Authorizing the Trustee's Use of Cash Collateral, Use of Rents and the Advance of Additional Funding |

---

carry on the operation of the business without the post-petition financing and the use of rents. Without the advances contemplated in the Final Order, the Trustee will not be able to operate the Property to the immediate and irreparable detriment of the Debtor, the tenants, creditors and other parties in interest.

      H.      This Court's approval of the post-petition financing is an essential factor in allowing the Trustee to stabilize the Property and conduct a well marketed and coordinated auction sale of the Property.

      I.      It is a term and condition of the financing being offered to the Trustee that the Trustee use proceeds of the post-petition advances to satisfy post-petition obligations due to the Debtor's utilities, obligations that are critical to the operation of the Property and to perform the necessary repairs and maintenance.

      J.      Given the current financial condition of the Debtor, the Trustee is unable to sustain the operations of the Debtor solely with the use of rents and, as described in the Motion, is unable to obtain unsecured credit allowable solely under Bankruptcy Code Section 503(b)(1) as an administrative expense.

      K.      As set forth in the Motion, approval of post-petition financing and authority to utilize rents is necessary in order to provide the Trustee with access to funds necessary to operate and maintain and safeguard the Property.

      L.      Notice of a Final Hearing for relief requested in the Motion has been given to (i) the Office of the United States Trustee, Attn: Jeffrey Sponder; (ii) the attorneys for NYCB,

| | |
|---|---|
| In re: | 15-35 Hempstead Properties LLC, et al. |
| Case No.: | 10-43178 |
| Caption of Order: | Final Order Authorizing the Trustee's Use of Cash Collateral, Use of Rents and the Advance of Additional Funding |

Cullen and Dykman LLP, Attn: Matthew G. Roseman, Esq.; (iii) Fox Rothschild LLP counsel to the Committee, Attn: Michael Viscount, Esq.; (iv) Atlantic City Electric Company, Attn: Rene Suglia; (v) those parties requesting notice under Federal Rule of Bankruptcy Procedure 2002 in the Motion and the supporting documents were served on these parties more than fifteen (15) days prior to the date of the Final Hearing.  Sufficient and adequate notice of a Final Hearing and the relief requested in the Motion has been given pursuant to Bankruptcy Code Sections 102(1), 364 and Bankruptcy Rules 2002 and 4001(c).

  M. Based on the record before this Court, the post-petition financing has been negotiated in good faith and arms length between the Trustee and NYCB, any credit that is extended and the advances that are made to the Trustee pursuant to the terms of this Final Order shall be deemed to have been extended, issued or made as that case may be, in good faith as required by and within the meaning of Bankruptcy Code Section 364(e).

  N. Based on the record before this Court, it appears that the terms of the post-petition financing are found reasonable, reflect the Trustee's exercise of prudent business judgment consistent with her fiduciary duties, and are supported by reasonably equivalent value and fair consideration.

  O. The Trustee has requested an immediate entry of this Final Order pursuant to Bankruptcy Rules 4001(b)(2) and 4001(c)(2) and that the Order become effective immediately notwithstanding the provisions Bankruptcy Rule 6004(g).  This Court finds that entry of this Final Order, and its immediate effectiveness, is in the best interest of the Debtor, its estate,

| | |
|---|---|
| In re: | 15-35 Hempstead Properties LLC, et al. |
| Case No.: | 10-43178 |
| Caption of Order: | Final Order Authorizing the Trustee's Use of Cash Collateral, Use of Rents and the Advance of Additional Funding |

creditors and parties in interest and its implementation, among other things, will allow for availability to the Trustee necessary funds to pay employees, maintain services and protect the Property and enhance the Trustee's prospect for conducting a successful sale of the Property.

P.      Each of the foregoing findings by the Court will be deemed a finding of fact and to the full extent that it makes and contains factual findings and conclusion of law to the full extent that it makes legal conclusions.  Based upon the foregoing findings and conclusions and good and sufficient cause appearing therefore:

**IT IS HEREBY ORDERED THAT:**

1.      The relief sought in the Motion is granted, subject to the terms and conditions set forth in this Final Order.

2.      All objections to the relief requested in the Motion that have not been withdrawn, waived, or settled are overruled on the merits.

3.      The provision of the Interim Order pursuant to which the interim advance was made is hereby confirmed in all respects.

4.      The Trustee is expressly authorized to borrow from NYCB on the terms and conditions and limitations set forth in the Motion and this Final Order, up to the aggregate amount of $400,000, which includes the $140,000 advance made pursuant to the Interim Order. The Trustee is authorized to use those proceeds and the rents generated as expressly set forth in the Final Order and pursuant to the budget annexed hereto as Exhibit "A".

2738312.4

*Approved by Judge Gloria M. Burns June  15, 2011*

| | |
|---|---|
| In re: | 15-35 Hempstead Properties LLC, et al. |
| Case No.: | 10-43178 |
| Caption of Order: | Final Order Authorizing the Trustee's Use of Cash Collateral, Use of Rents and the Advance of Additional Funding |

5.　In accordance with Section 364(d) of the Bankruptcy Code, all funds advanced hereunder shall constitute secured claims against the Debtors and their respective estates pari passu with the pre-petition liens of NYCB in each of the Debtor's assets, subject only to the payment of the carve-out of $50,000.00 to unsecured creditors, the proceeds, if any, of the real estate tax appeals, U.S. Trustee Quarterly Fees, and professional administrative fees and expenses allowed in the Chapter 11 cases.

6.　The Trustee is authorized to utilize funds provided herein and continue to utilize the rents generated from the Property only so long as (i) the Trustee retains an auctioneer for the purpose of auctioning the Property; (ii) an auction sale of the Property is conducted as soon as practicable, provided that if an auction is not conducted before September 30, 2011, the authorization provided herein shall be deemed withdrawn, unless further extended by NYCB; (iii) the Interim Order prohibiting Debtor's principals and any persons or agents acting on their behalf or at their request from accessing Debtor's Property and for related relief dated May 13, 2011, remains in full force and effect and (iv) funds are utilized solely for the purposes of paying post-petition public utility obligations, necessary payroll, the fees to the Court retained project manager, emergency expenses for necessary maintenance or repair approved by NYCB, and necessary insurance premiums and/or insurance premium financing expenses.

7.　Having been found to be extending credit or making loans to the Trustee in good faith, based on the record before this Court, NYCB shall be entitled to the full protection of Bankruptcy Code Section 364(e) with respect to the obligations and liens created, adjudicated or

2738312.4

*Approved by Judge Gloria M. Burns June 15, 2011*

| | |
|---|---|
| In re: | 15-35 Hempstead Properties LLC, et al. |
| Case No.: | 10-43178 |
| Caption of Order: | Final Order Authorizing the Trustee's Use of Cash Collateral, Use of Rents and the Advance of Additional Funding |

---

authorized by this Final Order. In the event that this Final Order or any finding, adjudication or authorization contained herein is stayed, vacated, reversed or modified on appeal. The stay modification, reversal or vacation of this Final Order shall not affect the validity of any of the obligations of the Trustee or the Debtor's estate to NYCB conferred pursuant to this Final Order.

8. The Trustee and the Committee acknowledge that as of the Petition Date, the Debtors owed NYCB the aggregate amount of $18,748,710.81. The Trustee and the Committee further acknowledge the validity and enforceability of the first priority perfected secured claim of NYCB's pre-petition liens.

9. The Budget annexed hereto as Exhibit "A" is approved through August 31, 2011 and the Trustee is authorized to expend funds pursuant to the Budget and this Final Order. NYCB shall not be deemed to be in control of the operations nor be acting as "a responsible person" or "owner or operator" with respect to the operation on management of the Debtor.

10. To the full extent permitted by law, provisions of this Final Order shall be binding upon and inure to the benefit of NYCB, the Trustee and their respective successors and assigns including any trustee or other fiduciary hereafter appointed and any subsequent case under chapter 7 of the Bankruptcy Code or upon the dismissal of any such chapter 11 or chapter 7 case.

11. Within two (2) business days of entry of this Final Order, the Trustee shall mail a copy of this Final Order to the parties having been given notice at the Final Hearing. Any actions taken by the Trustee and/or NYCB prior to the date hereof in anticipation of this Final Order are ratified, confirmed and approved in all respects.

2738312.4

*Approved by Judge Gloria M. Burns June 15, 2011*

(Page 10)

In re: 15-35 Hempstead Properties LLC, et al.
Case No.: 10-43178
Caption of Order: Final Order Authorizing the Trustee's Use of Cash Collateral, Use of Rents and the Advance of Additional Funding

---

12. This Final Order shall constitute findings of facts and conclusions of law pursuant to Bankruptcy Rule 7052 and shall take affect and be fully enforceable immediately upon execution hereof.

2738312.4

*Approved by Judge Gloria M. Burns June 15, 2011*