Order Filed on
6/15/2011
by Clerk U.S. Bankruptcy
Court District of New Jersey

| |
|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY**<br>Caption in Compliance with D.N.J. 9004-2(c)<br><br>**WOLFF & SAMSON PC**<br>One Boland Drive<br>West Orange, NJ 07052<br>Tel: (973) 325-1500<br>Fax: (973) 530-2212<br>Attorneys for Karen L. Gilman, Chapter 11 Trustee<br>Robert E. Nies, Esq. |

| | |
|---|---|
| In re:<br><br>15-35 HEMPSTEAD PROPERTIES, LLC and JACKSON 299 HEMPSTEAD LLC,<br><br>      Debtors. | Chapter 11<br><br>Case Nos. 10-43178 (GMB) and<br>    10-43180 (GMB)<br><br>*Jointly Administered*<br><br>Honorable Gloria M. Burns |

**ORDER AUTHORIZING THE TRUSTEE TO SELL REAL PROPERTY FREE AND CLEAR OF ALL LIENS, CLAIMS AND INTERESTS, PURSUANT TO 11 U.S.C. §§363(b) and (f), AND ESTABLISHING BIDDING AND SALE PROCEDURES**

   The relief set forth on the following pages, numbered two (2) through thirteen (13) is hereby **ORDERED**.

**DATED: 6/15/2011**

                Honorable Gloria M Burns
                United States Bankruptcy Court Judge

2719224.12

Page 2
Debtor: 15-35 Hempstead Properties, LLC and Jackson 299 Hempstead LLC
Case Nos.   10-431789 (GMB) and 10-43180 (GMB), *Jointly Administered*
Caption     Order Authorizing the Trustee to Sell Real Property Free and Clear of All Liens, Claims and Interests, Pursuant to 11 U.S.C. §§363(b) and (f) and Establishing Bidding and Sale Procedures

Upon consideration of the motion (the "Motion") filed by Karen L. Gilman, the Chapter 11 Trustee (the "Trustee") for 15-35 Hempstead Properties, LLC and Jackson 299 Hempstead LLC (the "Debtor") seeking an Order (I) (A) approving bidding procedures (the **"Bidding Procedures"**) in connection with the Debtors' sale (the **"Sale"**) of real property located at 101 Boardwalk, Atlantic City, New Jersey (the **"Property"**), free and clear of all liens,[1] claims, encumbrances and interests, (B) approving the form and manner of notice of the Sale and Bidding Procedures (the **"Sale Notice"**), and (C) setting the hearing date in connection with the Sale (hereafter, the **"Bidding Procedures Motion"**);[2] and (II) (A) authorizing and approving the Sale to the highest and best offer (the **"Purchaser"**), (B) waiving the ten (10) day stay provided by Bankruptcy Rule 6004(h), and (C) granting related relief; and the Court having considered the Trustee's moving papers, opposition filed, if any, and the arguments of counsel, if any, on the return date of the Motion; and based upon the Court's review of the Motion and the record established before the Court, the Court finds that:

A.   The Court has jurisdiction to hear and determine the Motion pursuant to 28 U.S.C. §§157 and 1334.

B.   Determination of the Motion is a core proceeding under 28 U.S.C. §157(b)(2).

---

[1] Any capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the Agreement of Sale (as defined herein).

[2] Concurrently herewith, Trustee has filed an application for order shortening time for an initial hearing to consider the relief requested in the Bidding Procedures Motion.

2719224.12

*Approved by Judge Gloria M. Burns June 15, 2011*

Page 3
Debtor: 15-35 Hempstead Properties, LLC and Jackson 299 Hempstead LLC
Case Nos.   10-431789 (GMB) and 10-43180 (GMB), *Jointly Administered*
Caption     Order Authorizing the Trustee to Sell Real Property Free and Clear of All Liens, Claims and Interests, Pursuant to 11 U.S.C. §§363(b) and (f) and Establishing Bidding and Sale Procedures

C. Proper, timely, adequate and sufficient notice of the Motion and the Sale Hearing has been provided in accordance with applicable Federal and Local Rules of Civil Procedure.

D. In the Motion, the Trustee seeks authorization to sell the building known as The View, 101 Boardwalk, Atlantic City, New Jersey (the "**Property**"), which consists of 359 residential apartments and 4 commercial units owned by the Debtor in Atlantic City, New Jersey.

E. Approval of the Trustee's proposed auction sale of the Property is in the best interests of the Debtors' Estates, the creditors thereof and all parties in interest.

F. The Trustee's proposed bidding and sale procedures are designed to maximize the value to be obtained for the Property.

G. New York Community Bank ("**NYCB**") consents to the sale of the Property on the terms and conditions set forth in the Motion.

H. The Trustee has satisfied one or more of the alternative criteria set forth in 11 U.S.C. §363(f) and, therefore, the sale of the Property free and clear of all liens, claims, interests and encumbrances as provided herein is appropriate.

I. The Court has or will enter an Order (the "**Retention Order**") authorizing the Trustee to retain Racebrook Marketing Concepts, LLC d/b/a Sheldon Good and Company ("**Sheldon Good**") to market and sell the Property in accordance with the bidding and sale procedures set forth herein.

2719224.12

*Approved by Judge Gloria M. Burns June 15, 2011*

Page 4
Debtor: 15-35 Hempstead Properties, LLC and Jackson 299 Hempstead LLC
Case Nos.    10-431789 (GMB) and 10-43180 (GMB), *Jointly Administered*
Caption      Order Authorizing the Trustee to Sell Real Property Free and Clear of All Liens, Claims and Interests, Pursuant to 11 U.S.C. §§363(b) and (f) and Establishing Bidding and Sale Procedures

**THEREFORE IT IS ORDERED THAT:**

1. All objections to the Motion or to the Trustee's proposed sale of the Property that have not been withdrawn, waived or settled, are overruled on the merits.

2. The terms and conditions of the proposed sale of the Property are approved in all respects under 11 U.S.C. § 363(b):

3. The Trustee is authorized to sell the Property and to utilize the services of the Sheldon Good to market and sell the Property pursuant to the terms of the Retention Order and this Order.

4. The Trustee is authorized, directed and empowered to take all measures necessary and to take all further actions as may reasonably be requested for the purpose of effectuating the proposed auction sale.

5. Pursuant to 11 U.S.C. §363(f), the Property shall be sold to the ultimate purchaser free and clear of all interests, mortgages, liens, claims, judgments, encumbrances and charges of any kind or nature, with all such interests, mortgages, liens, claims, judgments, encumbrances and charges to attach to the net proceeds of the sale in the order of their priority, with the same validity, force and effect that they now have or as otherwise directed by the Court. The sale, however, shall remain subject to all properly recorded and enforceable easements, rights of way and permissive or restrictive covenants, all outstanding code violations, and all valid tenancies.

6. The Trustee is authorized to establish a marketing and sale budget with Sheldon Good which, absent further Order of the Court, shall not exceed $100,000.00 in the aggregate.

2719224.12

*Approved by Judge Gloria M. Burns June 15, 2011*

Page 5
Debtor: 15-35 Hempstead Properties, LLC and Jackson 299 Hempstead LLC
Case Nos.   10-431789 (GMB) and 10-43180 (GMB), *Jointly Administered*
Caption     Order Authorizing the Trustee to Sell Real Property Free and Clear of All Liens, Claims and Interests, Pursuant to 11 U.S.C. §§363(b) and (f) and Establishing Bidding and Sale Procedures

7. The Trustee and Sheldon Good are authorized to conduct one or more public auction sales of the Property utilizing the following sale procedures:

A. **"AS IS, WHERE IS"**: Any bid shall be a bid to purchase the Property, shall be on an "AS IS, WHERE IS" free and clear of all liens, encumbrances, purchase contract, options, interests and claims, whether known or unknown, choate or inchoate, pursuant to section 363(f) of the Bankruptcy Code. The Trustee makes no representations or warranties whatsoever.

B. **Qualification to Bid**: To qualify to participate in the Auction, a bidder must (i) present at the Auction registration a cashier's or certified check made payable to Sheldon Good, title company or as directed by the Trustee (the "Deposit") in the amount of $600,000.00 with respect to the Property; (ii) have (or have its agent) inspected the Property; and (iii) purchase or receive a bidder's information Packet (as defined below).

C. **Qualified Bidders**: Any bidder that qualifies will be a "Qualified Bidder". Only Qualified Bidders will be permitted to be present at the Auction and participate in bidding for the Property at the Auction. The Auctioneer shall reasonably determine in good faith, whether any bidder is a Qualified Bidder. New York Community Bank ("NYCB"), the holder of the first and second mortgages on the Property is deemed a Qualified Bidder and has the right, but not the obligation, to credit bid the value of its mortgages, without complying with the qualification requirements noted above.

D. **Breach Of The Agreement Of Sale**: Any Deposit will be forfeited as liquidated damages and the Successful Bidder held liable for compensatory damages if the Successful Bidder fails to close by reason of its breach of the Agreement of Sale.

E. **No Contingent Bids**: Bids may not be subject to financing, due diligence, zoning, environmental or any other contingency except the entry of an order of this Court approving the sale pursuant to section 363(b) of the Bankruptcy Code.

F. **The Auction Format**: As to Qualified Bidders, all bidding is open and public. To bid during the Auction, a Qualified Bidder need only raise their hand, shout out their bid or instruct an auctioneer's bidder assistant to call out a bid on behalf of the Qualified Bidder.

2719224.12

*Approved by Judge Gloria M. Burns June 15, 2011*

Page 6
Debtor: 15-35 Hempstead Properties, LLC and Jackson 299 Hempstead LLC
Case Nos.    10-431789 (GMB) and 10-43180 (GMB), *Jointly Administered*
Caption      Order Authorizing the Trustee to Sell Real Property Free and Clear of All
             Liens, Claims and Interests, Pursuant to 11 U.S.C. §§363(b) and (f) and
             Establishing Bidding and Sale Procedures

G.  **Bidding At the Auction:**

   (i)   After the initial opening bid, all subsequent competing bids shall be in increments at the direction and discretion of the Auctioneer. No bid shall be of the same amount as any existing bid.

   (ii)  Auctioneer reserves the right to reopen the bidding and re-bid the Property, in the event of a bidding dispute occurring at the Auction.

   (iii) Auctioneer reserves the right to determine with whom the bid is placed in the event of a tie or dispute.

   (iv)  Oral and written announcements made by the Auctioneer before the commencement of the bidding take precedent over any previously distributed materials.

   (v)   Bids made after the bidding is concluded at the Auction will not be considered by the Court.

H.  **Additional Requirements Of The Successful Bidder:** The Successful Bidder will also be required to sign the bidder's card upon the conclusion of bidding, acknowledging the purchase and tender the required certified or cashier's check as initial down payment to the Auctioneer. The Successful Bidder shall immediately sign the Agreement of Sale and escrowee shall deposit the Deposit. The Deposit payment MUST be increased to 10% of the Total Purchase Price by cashier's or certified check, if applicable, either at the Auction or within two (2) business days following the Auction. No third party checks will be accepted. The Successful Bidder may also be asked to sign a statement that the Successful Bidder has inspected the Property. If the Agreement of Sale is to be signed with the purchaser being a corporation or partnership or trust, there are additional bidding requirements and the Successful Bidder should contact Sheldon Good to discuss these requirements in advance of the Action. In the sole discretion of the Trustee, Sheldon Good may qualify the next highest and best Successful Bidder (the **"Next Successful Bidder"**) in accordance with this provision and the Agreement of Sale to close the sale in the event the Successful Bidder defaults under the Agreement of Sale. NYCB shall not be required to post the down payment.

2719224.12

*Approved by Judge Gloria M. Burns June 15, 2011*

Page 7
Debtor: 15-35 Hempstead Properties, LLC and Jackson 299 Hempstead LLC
Case Nos.    10-431789 (GMB) and 10-43180 (GMB), *Jointly Administered*
Caption      Order Authorizing the Trustee to Sell Real Property Free and Clear of All
Liens, Claims and Interests, Pursuant to 11 U.S.C. §§363(b) and (f) and
Establishing Bidding and Sale Procedures

I. **Appearance at Auction:** All Qualified Bidder(s) must appear in person or via telephone or through a duly authorized representative or by submitting a bid prior to the Auction to be entered into the bidding at the Auction.

J. **Jurisdiction of Court:** The Auctioneer shall conduct the Sale for and as directed by the Court for the benefit of the parties. The Auctioneer, all bidders and their brokers or representatives are deemed to have submitted to the exclusive jurisdiction of the Court with respect to any dispute relating to all matters related to the Auction and all terms and conditions of the transfer of the Property.

K. **Successful Bidder Default:** If any Successful Bidder fails to close the sale contemplated herein, it will be liable for and forfeit any Deposit and, in the sole discretion of the Trustee, the Trustee may close the sale with the Next Successful Bidder in accordance with the Agreement of Sale.

L. **Closing:** The closing of the Sale pursuant to the Auction (the "**Closing**") shall take place in accordance with the terms of the Agreement of Sale.

M. **Bankruptcy Court Approval:** The Sale of the Property contemplated herein shall be subject to the entry of an order, or orders as the case may be, by the Court: (a) approving the Sale and transfer of the Property; and (b) containing a finding that the Successful Bidder is a good faith Purchaser, pursuant to section 363(m) of the Bankruptcy Code.

N. **Absolute Offerings:** The Final High Bid that is offered on the Property is absolute, without reserve, will be accepted at the time and place of the Auction, subject only to the approval of the United States Bankruptcy Court District of New Jersey. NYCB has the right, but not the obligation, to bid in accordance with the order entered by this Court regarding the Bidding Procedures.

O. **The Sale Hearing:** A hearing to confirm the results of the Auction, if any, and/or to approve the Sale of the Property, will be held before The Honorable Gloria M. Burns, United States Bankruptcy Judge, at the Mitchell H. Cohen U.S. Courthouse, 400 Cooper Street, 4th Floor, Camden, New Jersey 08101, on August 11, 2011, at 10:00 a.m., (the "**Sale Hearing**") or as soon there after as practically possible.

P. **Modifications:** Trustee reserves the right to: (i) impose additional or different reasonable terms and conditions at or before the Auction, (ii) extend the deadlines set forth in the Sale Procedures and/or adjourn the Auction and/or the Sale

2719224.12

*Approved by Judge Gloria M. Burns June 15, 2011*

Page 8
Debtor: 15-35 Hempstead Properties, LLC and Jackson 299 Hempstead LLC
Case Nos. 10-431789 (GMB) and 10-43180 (GMB), *Jointly Administered*
Caption Order Authorizing the Trustee to Sell Real Property Free and Clear of All Liens, Claims and Interests, Pursuant to 11 U.S.C. §§363(b) and (f) and Establishing Bidding and Sale Procedures

Hearing in open court upon the consent of NYCB, which consent shall not be unreasonably withheld, without further notice, and (iii) Trustee may at any time, in her sole discretion, reject any and all bids that are not from Qualified Bidders.

Q.  **Credit Bid:** NYCB shall be permitted to credit bid pursuant to section 363(k) of the Bankruptcy Code. NYCB is deemed a Qualified Bidder and shall be exempt from the qualification requirements, as set forth above, so long as such credit bid otherwise constitutes a qualified bid.

R.  **Buyer's Premium:** In addition to the final High Bid Price the Successful Bidder will pay a 7% (seven percent) premium (the **"Buyer's Premium"**) as follows and in the priority set forth below:

(i) If the Property is purchased by a third party purchaser.[3]

| Payee | Percentage of High Bid Price Paid (Exclusive of Buyer's Premium) | Funding Source |
|---|---|---|
| Sheldon Good | 3.0% | Third Party Purchaser |
| Debtors' Estates | 3.0%[4] | Third Party Purchaser |
| Allowed Unsecured Creditors | 1.0% | Third Party Purchaser |

(ii) If the Property is purchased by NYCB pursuant to a credit bid.

| Payee | Percentage of High Bid Price Paid (Exclusive of Buyer's Premium) | Funding Source |
|---|---|---|
| Sheldon Good | 1.5% | NYCB |
| Allowed Unsecured Creditors | .5%[5] | NYCB |

---

[3] Specifically, any purchaser other than NYCB.

[4] Distributions from Debtors' Estates shall be made in the following order of priority: (1) to redeem and/or satisfy all tax sale certificates and, subject to the right to object at the Sale Hearing and to escrow at Closing, water and fire charges, which charges shall include all permissible fees and costs allowed by state law, including any permissible interest and attorneys fees, in connection with the Property; (2) payment of all title and closing costs customarily paid by Seller; (3) payment of a 1% fee (exclusive of Buyer's Premium) to a referring broker, if any, as qualified in subsection 14(s) *infra*; (4) payment of unpaid allowed administration expenses (including fees and expenses of estate professionals); and (5) remaining proceeds, if any, to NYCB. NYCB shall promptly pay to Debtors' Estates from the Sale Proceeds the shortfall, if any, in funds needed to pay priorities 1-4.

[5] In addition to NYCB's payment to Allowed Unsecured Creditors, NYCB shall promptly pay to Debtors' Estates from the Sale Proceeds the shortfall, if any, in funds needed to pay priorities 1-4, set forth in footnote 4 above.

2719224.12

*Approved by Judge Gloria M. Burns June 15, 2011*

Page 9
Debtor: 15-35 Hempstead Properties, LLC and Jackson 299 Hempstead LLC
Case Nos.     10-431789 (GMB) and 10-43180 (GMB), *Jointly Administered*
Caption       Order Authorizing the Trustee to Sell Real Property Free and Clear of All
              Liens, Claims and Interests, Pursuant to 11 U.S.C. §§363(b) and (f) and
              Establishing Bidding and Sale Procedures

The Buyer's Premium shall be added to the Final High Bid Price and inserted in the Agreement of Sale to determine the Total Purchase Price.

S.  **Realtor®/Broker Participation Invited:** A referral fee of 1% (one percent) of the High Bid Price, excluding the Buyer's Premium (the **"Referral Fee"**), will be paid by the Auctioneer from the Debtors' Estates portion of the Buyer's Premium to the real estate broker, acting as a "Buyer Broker" whose client pays and closes on the Property. To qualify for the Referral Fee, the real estate agent must: (a) be a licensed real estate broker in the state in which the Property is located who will abide by the National Association of Realtors® Code of Ethics; (b) register the client by certified mail, return receipt requested, on company stationery, which must be signed by both the broker and the client and confirm the Buyer Broker arrangement, with **Sheldon Good and Company, A Racebrook Portfolio Company, 635 Madison Avenue, Suite 1203, New York, NY 10022, Attention: Project Manager**, received no later than three (3) business days prior to the auction date; (c) ensure that the registration letter is received before any inspection of the property by the client; (d) sign in and inspect the Property with the client during a scheduled site inspection; and (e) attend the Auction with the client and bid with or for the client. All registrations accepted will be acknowledged; each acknowledged broker must bring his or her registration acknowledgment to an open house and to the auction for registration verification purposes. A complete registration file on all prospects will be maintained. No REALTOR®/Broker will be recognized for a client who has previously contacted or been contacted by the Trustee or her representative or the Auctioneer. No Referral Fees will be paid by the Auctioneer if the broker, the broker's agents or a member of the broker's immediate family is participating in the purchase of the Property or is an employee or partner of the Purchaser. An affidavit will be required certifying that the agent is serving only as a broker and not as a principal. There can be NO EXCEPTIONS to this procedure and no oral registrations will be accepted. Realtors®//Brokers are hereby notified that the Trustee has provided no commission arrangement for the sale of the Property in this offering. If a broker has not met all of these requirements, no Referral Fee will be paid to the broker, even if the broker's client purchases the Property.

T.  **Documents Available:** A bidder's information packet (the **"Packet"**) has been assembled and may include such items as detailed Auction information, property description, legal description, the Agreement of Sale, preliminary title examination report, operating costs, detailed property information, rent roll,

Page 10
Debtor: 15-35 Hempstead Properties, LLC and Jackson 299 Hempstead LLC
Case Nos.  10-431789 (GMB) and 10-43180 (GMB), *Jointly Administered*
Caption    Order Authorizing the Trustee to Sell Real Property Free and Clear of All Liens, Claims and Interests, Pursuant to 11 U.S.C. §§363(b) and (f) and Establishing Bidding and Sale Procedures

leases, environmental and other third party reports, real estate tax bill, local zoning information, local market information, survey, terms of sale, bidder's affidavit and other applicable information. The Packet is available for purchase via telephone, fax order or mail from Sheldon Good, at the on-site inspection. The purchase of a Packet is required prior to registering to bid at the Auction. The Trustee, the Trustee's Property Manager and Auctioneer shall not be liable for any inaccuracy contained in any reports furnished to buyers, including those originating from third party experts.

U. **Attorney Review Recommended:** All information contained in auction-related material, such as the Packet, should be carefully reviewed by a bidder's attorney prior to the Auction and is subject to and may be superseded by the Agreement of Sale and announcements made from the podium prior to the commencement of bidding.

V. **Conduct Of The Auction:** Neither the Trustee, the Trustee's agents or principals, nor the Auctioneer, are permitted to bid at the Auction. However, NYCB has the right but not the obligation to bid at the Auction under any order entered by this Court on the Bidding Procedures. Conduct of the Auction and increments of bidding are at the direction and discretion of the Auctioneer. The Trustee and the Auctioneer reserve the right to refuse admittance to or expel anyone from the Auction premises for interference with Auction activities, nuisance, canvassing, soliciting, or other reasons deemed necessary by the Auctioneer. In the event of a dispute between bidders, the Auctioneer, with the consent of the Trustee, shall make the final decision to accept the final bid, to re-offer and/or re-sell the Property. If any disputes should arise following the Auction, the Auctioneer's records shall be conclusive in all respects.

W. **Disclaimer:** Each Qualified Bidder, by submitting a bid for the Property, shall be deemed to acknowledge and represent:

- That it is bound by the Bidding Procedures contained herein;

- That it had an opportunity to inspect and examine the Property and to review all pertinent documents and information with respect to the Property prior to making its offer and that it relied solely upon its own investigation, own independent review, investigation and/or inspection of any documents and/or the Property in making its bid; and

2719224.12

*Approved by Judge Gloria M. Burns June 15, 2011*

Page 11
Debtor: 15-35 Hempstead Properties, LLC and Jackson 299 Hempstead LLC
Case Nos.    10-431789 (GMB) and 10-43180 (GMB), *Jointly Administered*
Caption    Order Authorizing the Trustee to Sell Real Property Free and Clear of All Liens, Claims and Interests, Pursuant to 11 U.S.C. §§363(b) and (f) and Establishing Bidding and Sale Procedures

That it did not rely upon any written or oral statements, warranties or representatives of the Trustee, the Debtors, or the Debtors' agents regarding the Property, or the completeness of any information provided in connection with the Property, the bidding process or the Auction.

8.  In exercising her fiduciary duties and business discretion, the Trustee, in consultation with Sheldon Good, may modify the sale procedures to be utilized without further Order of the Court.

9.  At the closing of the sale of the Property to a third party, if approved at the final hearing, the Trustee is authorized to pay without further Order of the Court, to Sheldon Good, its expenses (subject to the aggregate cap of $100,000), and from the Buyer's Premium, without further Order of the Court, as follows and in the priority set forth below:

| Payee | Percentage of High Bid Price Paid (Exclusive of Buyer's Premium) | Funding Source |
| --- | --- | --- |
| Sheldon Good | 3.0% | Third Party Purchaser |
| Debtors' Estates | 3.0%[6] | Third Party Purchaser |
| Allowed Unsecured Creditors | 1.0% | Third Party Purchaser |

---

[6] Distributions from Debtors' Estates shall be made in the following order of priority: (1) to redeem and/or satisfy all tax sale certificates and, subject to the right to object at the Sale Hearing and to escrow at Closing, water and fire charges, which charges shall include all permissible fees and costs allowed by state law, including any permissible interest and attorneys fees, in connection with the Property; (2) payment of all title and closing costs customarily paid by Seller; (3) payment of a 1% fee (exclusive of Buyer's Premium) to a referring broker, if any, as qualified in subsection 14(s) infra; (4) payment of unpaid allowed administration expenses (including fees and expenses of estate professionals); and (5) remaining proceeds, if any, to NYCB. NYCB shall promptly pay to Debtors' Estates from the Sale Proceeds the shortfall, if any, in funds needed to pay priorities 1-4.

2719224.12

*Approved by Judge Gloria M. Burns June 15, 2011*

Page 12
Debtor: 15-35 Hempstead Properties, LLC and Jackson 299 Hempstead LLC
Case Nos.    10-431789 (GMB) and 10-43180 (GMB), *Jointly Administered*
Caption     Order Authorizing the Trustee to Sell Real Property Free and Clear of All Liens, Claims and Interests, Pursuant to 11 U.S.C. §§363(b) and (f) and Establishing Bidding and Sale Procedures

10. Upon NYCB's successful credit bid for the Property, NYCB is required to pay without further Order of the Court, to Sheldon Good, is expenses (subject to the aggregate cap of $100,000) and the following amounts in the priority set forth below:

| Payee | Percentage of High Bid Price Paid (Exclusive of Buyer's Premium) | Funding Source |
|---|---|---|
| Sheldon Good | 1.5% | NYCB |
| Allowed Unsecured Creditors | .5%[7] | NYCB |

11. As authorized under Federal Rule of Bankruptcy Procedure 6004(h), this Order shall not be stayed and shall be effective and enforceable immediately upon entry.

12. A final hearing to consider the sale of the Property shall be held before the Court on August 11, 2011 at 10:00 a.m. The Trustee shall file her final report of the auction on or before August 5, 2011, which shall be served on (i) the Office of the United States Trustee; (ii) the Debtors and Debtors' counsel; (iii) counsel to the Official Committee of Unsecured Creditors; (iv) counsel for Atlantic City Electric Company; (v) counsel to New York Community Bank; (vi) all secured creditors; (vii) all parties who filed a Notice of Appearance in this case; and (viii) all parties who submit a request in writing to the Trustee prior to August 5, 2011.

13. All objections to the sale of the Property shall be filed and served so as to be received not later that August 10, 2011 at 4:00 p.m.

---

[7] In addition to NYCB's payment to Allowed Unsecured Creditors, NYCB shall promptly pay to Debtors' Estates from the Sale Proceeds the shortfall, if any, in funds needed to pay priorities 1-4, set forth in footnote 3 above.

2719224.12

*Approved by Judge Gloria M. Burns June 15, 2011*