UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Caption in Compliance with D.N.J. LBR 9004-2(c)<br><br>Robert E. Nies, Esq. (rnies@wolffsamson.com)<br>**WOLFF & SAMSON PC**<br>One Boland Drive<br>West Orange, New Jersey 07052<br>Tel: (973) 325-1500 Fax: (973) 325-1501<br><br>*Attorneys for Karen L. Gilman, Chapter 11 Trustee* | |
| In re:<br><br>15-35 HEMPSTEAD PROPERTIES, LLC, and JACKSON 299 HEMPSTEAD, LLC,<br><br><br>Debtors. | **Chapter: 11**<br><br>**Case Nos. 10-43178 (GMB) and 1043180 (GMB)**<br><br>*Jointly Administered* |
| KAREN L. GILMAN, Chapter 11 Trustee,<br><br>Plaintiff,<br>v.<br><br>ISSA NAMMOUR, THE FOOD MARKET, CEDAR FOOD MARKET XI LLC, CEDAR FOOD MARKET 7 INC., CEDAR FOOD PLUS IX INC., CEDAR FOOD MARKET VIII INC., DORSEY CONSTRUCTION & REMODELING LLC, and GEOFFREY DORSEY,<br><br>Defendants. | Honorable Gloria M. Burns<br><br><br>ADV. PRO. NO. _____ |

**VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF, TURNOVER OF PROPERTY OF THE ESTATE, INCLUDING KEYS TO CERTAIN APARTMENTS, DISGORGEMENT OF RENTS WRONGFULLY COLLECTED, AND FOR AN ACCOUNTING PURSUANT TO 11 U.S.C §§ 542 AND 105**

Chapter 11 Trustee, Karen L. Gilman (the "**Trustee**"), for debtors 15-35 Hempstead Properties, LLC and Jackson 299 Hempstead, LLC (together, the "**Debtors**"), by way of Complaint against Defendants Issa Nammour, The Food Market, Cedar Food Market XI LLC,

2789116.11

Cedar Food Market 7 Inc., Cedar Food Plus IX Inc., Cedar Food Market VIII Inc., Dorsey Construction & Remodeling LLC, and Geoffrey Dorsey (collectively, the "**Defendants**"), says:

## INTRODUCTION

1. The Trustee brings this action pursuant to section 542(a) of the Bankruptcy Code to compel the Defendants to immediately turn over property of the Debtors' estates, including the keys to, and the rents received from, certain residential apartment units in the building located at 101 Boardwalk, Atlantic City, New Jersey (the "**Premises**"). Upon information and belief, possession of certain residential apartment units (as set forth hereinafter) was unlawfully transferred by Debtors' principal, Steven Kates, to one or more of the Defendants.

2. Upon information and belief, the Defendants have rented one or more of the residential apartment units to third parties.

3. Despite prior demand, the Defendants have refused to surrender the keys to the residential apartment units, provide any documentation evidencing possessory or ownership rights to the residential apartment units, or to provide an accounting for rents collected or owed for use of the residential apartment units.

4. The Trustee intends to sell the Premises at auction on August 3, 2011. The sale is to be free and clear of all liens, claims, and encumbrances, subject only to the possessory interests of valid tenants. Any possessory interests of the Defendants, or their assignees, in and to the residential apartment units, are unlawful.

5. The court has scheduled a hearing to confirm the auction sale on August 11, 2011, and closing of the sale is expected on or before September 11, 2011, unless the closing date is extended.

6. By this Complaint, the Trustee seeks a preliminary and permanent injunction enjoining Defendants forthwith to turnover property of these Chapter 11 Estates, as well as an accounting, pursuant to section 542(a) of the Bankruptcy Code, of any rents and/or other consideration received as a result of the unlawful transfer by Mr. Kates of the residential apartment units to the Defendants.

7. There is an immediate need for injunctive relief because the auction of the Premises is literally only weeks away, and the Trustee requires immediate access to and control of those residential apartment units wrongfully possessed by the Defendants to meet her obligations under the auction terms and the sale of the Premises.

## JURISDICTION AND VENUE

8. On October 10, 2010 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey. This Court has jurisdiction over the within adversary proceeding pursuant to 28 U.S.C. § 1334(b) and 28 U.S.C. § 157(b). Venue in this Court is appropriate pursuant to 28 U.S.C. §1409.

9. This adversary matter is a core proceeding to compel the turnover of property of the Debtors' estates to the Trustee, pursuant to 28 U.S.C. § 157(b)(2)(E).

10. This matter is brought pursuant to Federal Rule of Bankruptcy Procedure 7001(7).

## ALLEGATIONS COMMON TO ALL COUNTS

A. **The Parties.**

11. Karen L. Gilman, Chapter 11 Trustee, was appointed trustee of the Debtors' estates by Order of the Court dated May 10, 2011 [Doc. No. 202].

2789116.11

12. Upon information and belief, Issa Nammour ("**Nammour**") is an individual residing at 615 Oakcrest Avenue, Linwood, New Jersey. Upon information and belief, at all times relevant herein, Nammour was an owner, officer, director, or member of defendants The Food Market, Cedar Food Market XI LLC, Cedar Food Market 7 Inc., Cedar Food Plus IX Inc., and Cedar Food Market VIII Inc.

13. Upon information and belief, The Food Market is a commercial enterprise with its principal place of business located at 101 Boardwalk, Atlantic City, New Jersey.

14. Upon information and belief, Cedar Food Market XI LLC is a commercial enterprise with its principal place of business at 1700 Baltic Avenue, Atlantic City, New Jersey.

15. Upon information and belief, Cedar Food Market 7 Inc. is a commercial enterprise with its principal place of business at 1125 Arctic Avenue, Atlantic City, New Jersey.

16. Upon information and belief, Cedar Food Plus IX Inc. is a commercial enterprise with its principal place of business at 1025 Arctic Avenue, Atlantic City, New Jersey.

17. Upon information and belief, Cedar Food Market VIII Inc. (collectively with Cedar Food Market XI LLC, Cedar Food Market 7 Inc. and Cedar Food Plus IX Inc., hereinafter "**Cedar Foods**") is a commercial enterprise with its principal place of business at 403 North Pennsylvania Avenue, Atlantic City, New Jersey.

18. Upon information and belief, Dorsey Construction and Remodeling is a commercial enterprise with its principal place of business at 6215 Delilah Road, Trailer 1, Egg Harbor Township, New Jersey.

2789116.11

19. Upon information and belief, Geoffrey Dorsey (together with Dorsey Construction and Remodeling, "**Dorsey**") is an individual residing at 6215 Delilah Road, Trailer 1, Egg Harbor Township, New Jersey, and is the owner or managing member of Dorsey Construction and Remodeling.

**B. The Premises and Sale of Condominium Units.**

20. Debtors own the Premises, an apartment building comprised of 349 rentable residential units and five (5) commercial units.

21. As of the Petition Date, Steven Kates ("**Kates**") was the managing member of the Debtors.

22. On November 10, 2010, the Debtors received a final Order of Registration from the State of New Jersey, Department of Community Affairs, for the public offering of residential and commercial units at the Premises as condominium units.

23. Despite the Order of Registration, Debtors have never filed and recorded a Master Deed for the condominium conversion with Atlantic County. The filing and recordation of the Master Deed is a necessary prerequisite to closing any sale transaction by which title may lawfully be transferred to a buyer of a condominium unit.

24. Nevertheless, pursuant to the Debtors' plan of reorganization, filed with the Court on January 4, 2011 [Doc. No. 98], and subsequently amended on April 26, 2011[Doc. No. 181] (hereinafter, the "**Plan**"), the Debtors proposed, in part, to fund the Plan and repay their creditors through the conversion and sale of apartment and commercial units in the Premises as condominiums.

25. Upon information and belief, and notwithstanding Debtors' failure to file and record a Master Deed, Kates entered into agreements with one or more of the Defendants to

5

transfer ownership of certain residential units to the Defendants, including without limitation, apartments 629, 631, 734, 814, 816, 839, 936, 938, and 940 (the "**Units**'), and provided Defendants with keys to the Units.

26. Upon information and belief, one or more of the Defendants is renting one or more of the Units to third-parties, collecting and retaining the rents and other consideration derived therefrom, and otherwise obtaining the beneficial use of the Units.

27. Since the Trustee's appointment, the Debtors' Estates have not received any rents derived from the Units. Upon information and belief, at no time subsequent to the transfer of the Units by Kates to one or more of the Defendants, have the Debtors' Estates received any rental income derived from the Units.

28. Kates lacked the authority to enter into any agreements with Defendants for the transfer of ownership or possession of the Units or to allow the Defendants to retain any rental income or other consideration derived therefrom.

29. The transfer of the Units to one or more of the Defendants is an ultra vires act by the Debtors, was not authorized by the Bankruptcy Court, and is void ab initio.

30. Despite demands by the Trustee, the keys for the Units have not been turned over by Defendants to the Trustee, and the Trustee has no copies of the keys or any other means to access the Units without damaging the Premises.

**C. The Auction of the Premises.**

31. On June 7, 2011, the Court approved the appointment of the auctioneer, Racebrook Marketing Concepts, LLC, d/b/a Sheldon Good and Company [Doc No. 254], to market and sell the Premises.

32. On June 15, 2011, the Court entered an Order authorizing the Trustee to sell the Premises free and clear of all liens, claims, and interests pursuant to 11 U.S.C. §§ 363(b) and (f) and to establish sale and bidding procedures.

33. The Trustee and the auctioneer have scheduled the auction to take place on August 3, 2011.

34. The Court scheduled a hearing to approve the sale of the Premises for August 11, 2011. Closing of the sale is scheduled to occur on or before September 11, 2011, unless extended by the parties to the sale.

35. The Trustee's ability to sell the Premises free and clear of all liens, claims, and interests is hampered by Kates' unlawful transfer of the Units to Defendants.

## COUNT ONE

**(11 U.S.C. §542(a) for the Turnover of Property to the Trustee)**

36. Plaintiff repeats each and every prior allegation, as though set forth here at length.

37. Upon information and belief, neither Kates nor the Debtors properly filed and recorded the Master Deed with Atlantic County for the conversion of certain residential apartment units in the Premises to condominiums.

38. Kates unlawfully entered into agreements with one or more of the Defendants to transfer the Debtors' interest and title in, or possession of, one or more of the Units to the Defendants as condominium units.

39. The transfers are void as an ultra vires act of the Debtors, and as a transfer outside the ordinary course of business without Bankruptcy Court approval.

40. One or more of the Defendants remains in possession, custody, and/or control of the Units.

41. The Units are part of the Premises, are property of the Debtors' estates, pursuant to section 541 of the Bankruptcy Code, and are unlawfully being withheld by the Defendants.

42. The Trustee has made a demand upon the Defendants' counsel to return possession of the Units, but Defendants have refused, and continue to refuse, to do so.

43. Pursuant to section 363 of the Bankruptcy Code, the Trustee may use, sell, or lease property of the Debtors' estate, including the Units.

44. Accordingly, pursuant to 11 U.S.C. §542(a), the Defendants must turn over title, possession and control, as well as the keys, to the Units to the Trustee.

## COUNT TWO

### (11 U.S.C. §542(a) for an Accounting and Disgorgement of Rents)

45. Plaintiff repeats each and every prior allegation, as though set forth here at length.

46. Upon information and belief, one or more of the Defendants has rented, and continues to rent, one or more of the Units to third-parties for valuable consideration.

47. The Trustee has not received payments on behalf of the Debtors' estates for the consideration derived from Defendants' renting of the Units.

48. Accordingly, pursuant to 11 U.S.C. §542(a), the Trustee demands that the Defendants account for, and disgorge to the Trustee, the rents and other consideration that the Defendants collected from renting the Units.

## COUNT THREE

### (11 U.S.C. §105 for Injunctive and Related Relief)

49. Plaintiff repeats each and every prior allegation, as though set forth here at length.

2789116.11

50. Pursuant to section 105 of the Bankruptcy Code, "[t]he court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title."

51. Plaintiff seeks a preliminary and permanent injunction: (i) enjoining Defendants to immediately release and turnover to the Trustee property of the estate, including keys, or other means of access to the Units, as well as copies of written leases or sub-leases, if any, related to the Units; (ii) enjoining Defendants to account for rents wrongfully collected from the Units; (iii) enjoining Defendants to disgorge rents wrongfully collected from the Units; and (iv) in the event Defendants fail to do any of the foregoing, authorizing the Trustee, or its representative, to undertake all reasonable measures to access the Units and terminate Defendants', and their putative successors, assignees, designees, or sublesses', purported possessory interests therein by changing the locks, with the attendant costs to be borne by Defendants.

52. The Debtors' Estates will suffer irreparable harm, if the injunction does not issue, by the potential interruption to or interference with the court-authorized auction, scheduled for August 3, 2011.

53. Plaintiff has demonstrated a reasonable probability of success on the merits, since without a Master Deed having ever been filed, transfers of the Units to Defendants is unlawful per se.

54. The public interest is served by the issuance of the injunction.

2789116.11

**WHEREFORE**, Plaintiff demands judgment in its favor and against Defendants, jointly, severally and in the alternative, for a preliminary and permanent injunction as follows:

A. Enjoining the Defendants to immediately turnover to the Trustee all residential apartment units unlawfully in Defendants' possession or control, as well as the keys, or other means of access to those residential apartment units, together with copies of written leases or sub-leases, if any, related to the residential apartment units, including without limitation, units numbered 629, 631, 734, 814, 816, 839, 936, 938, and 940;

B. Enjoining the Defendants to forthwith account to the Trustee for all rents or other consideration Defendants derived as a result of their purported interest, possession, custody, and/or control of residential apartment units, including without limitation, units numbered 629, 631, 734, 814, 816, 839, 936, 938, and 940, wrongfully in the possession or control of Defendants;

C. Enjoining the Defendants to forthwith disgorge any rents or other consideration they have collected from residential apartment units, including without limitation, units numbered 629, 631, 734, 814, 816, 839, 936, 938, and 940, wrongfully in the possession or control of Defendants;

D. In the event the Defendants fail to do any of the foregoing, authorizing the Trustee, or its representative, to access the residential apartment units, including without limitation, units numbered 629, 631, 734, 814, 816, 839, 936, 938, and 940, wrongfully in the possession or control of Defendants, and to terminate Defendants', and their putative successors, assignees, designees, or sublesses',

2789116.11

purported possessory interests therein by changing the locks, with the attendant costs to be borne by Defendants; and

E. Awarding such other and further relief to Plaintiff, as this Court deems just and proper.

WOLFF & SAMSON PC

/s/ Robert E. Nies

Robert E. Nies, Esq. (rnies@wolffsamson.com)

One Boland Drive
West Orange, NJ 07052
Tel: (973) 325-1500  Fax: (973) 530-2212

*Attorneys for Karen L. Gilman,
Chapter 11 Trustee*

Dated: July 25, 2011

11

2789116.11

## VERIFICATION PURSUANT TO 28 U.S.C. § 1746

    I, Karen L. Gilman, as Chapter 11 Trustee for Debtors' Estates, hereby verify that the foregoing statements are true and correct to the best of my knowledge and belief.

DATED: July 25, 2011

*/s/ Karen L. Gilman, Trustee*
KAREN L. GILMAN, Chapter 11 Trustee
For Debtors' Estates

2789116.11